SUMMARY ORDER

Zhong Ye and Hong Ye, natives and citizens of the People’s Republic of China, seek review of a December 22, 2008 order of the BIA affirming the March 9, 2007 decision of Immigration Judge (“IJ”) Sandy K. Horn, denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Zhong Ye & Hong Ye, No. A094. 797 850, No. A099 672 795 (B.I.A. Dec. 22, 2008), aff'g No. A094 797 850, No. A099 672 795 (Immig. Ct. N.Y. City Mar. 9, 2007). We assume the parties’ familiarity with the underlying facts and procedural history of this case.
When the BIA agrees with the IJ’s conclusion that a petitioner is not credible and, without rejecting any of the IJ’s grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA’s and IJ’s opinions— or more precisely, the Court reviews the IJ’s decision including the portions not explicitly discussed by the BIA. Yun-Zui Guan v. Gonzales, 432 F.3d 391, 394 (2d Cir.2005). This Court reviews the agency’s factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Xiu Xia Lin v. Mukasey, 534 F.3d 162, 165-66 (2d Cir.2008).[2]
The agency’s adverse credibility determination is supported by substantial evidence. For example, while Zhong claimed that Hong was arrested with “Li Ling and Li Fang” when they attended an underground Catholic mass together, Hong testified that she was arrested with three completely different individuals. Further, while Zhong testified that she was beaten in the face when she was detained for handing out religious flyers, Hong testified that she did not see any injuries on Zhong when she was released. The IJ also observed that while the Petitioners submitted a photograph of themselves apparently at a parade in the United States, they could not explain what the photograph depicted. Moreover, the IJ drew an adverse inference as to Hong’s credibility after observing her demeanor while testifying. While Petitioners offer explanations for some of these discrepancies, none are so compelling that the agency erred by rejecting them. See Majidi v. Gonzales, 430 F.3d 77, 80-81 (2d Cir.2005). Thus, under the REAL ID Act, each of these findings was proper, 8 U.S.C. § 1158(b)(l)(B)(iii), and the agency did not err in denying Petitioners’ asylum applications, see Xiu Xia Lin, 534 F.3d at 167.
Inasmuch as Petitioners based their claims for withholding of removal and CAT relief on the same factual predicate as their asylum claims, and the agency found that this evidence lacked credibility, those claims necessarily fail. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006); Xue Hong Yang v. U.S. Dep’t of Justice, 426 F.3d 520, 523 (2d Cir.2005).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule *437 of Appellate Procedure 84(a)(2), and Second Circuit Local Rule 34(b).

. The asylum applications in this case are governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005. See 8 U.S.C. § 1158(b)(l)(B)(iii).